IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

KEVIN L. HINES,                       )
                                      )
          Plaintiff,                  )
                                      )
     v.                               )        Civ. No. 22-193-GBW
                                      )
TED SAMMONS, et al.,                  )
                                      )
          Defendants.                 )

_____

Kevin L. Hines, Pro se Plaintiff.

Penelope B. O'Connell, Esquire, O'Hagan Meyer, Philadelphia, Pennsylvania.
Counsel for Defendant.


**<u>MEMORANDUM OPINION</u>**


December 19, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

Plaintiff Kevin L. Hines, a prisoner proceeding *pro se*, commenced this civil rights action on February 14, 2022.   (D.I. 1).   Before the Court is Defendants' motion to dismiss.   (D.I. 31).   Also before the Court are Plaintiff's request for counsel, motion for default judgment, motion for last known or present address of unserved defendant, motion for continuance,[1]  and motion for supplemental jurisdiction.   (D.I. 19, 29, 34, 35, 37).   The matters have been briefed.

## I.    BACKGROUND

In the Complaint, brought under 42 U.S.C. § 1983, Plaintiff alleged the following.   Prior to the start of his current term of imprisonment, while "out on bail," he checked himself into an inpatient program in the Gaudenzia Rehabilitation Facility, seeking help for his mental health and substance abuse disorders.   Plaintiff alleged that he was subjected to physical and sexual harassment and abuse by one member of the Gaudenzia staff and that he was frightened to report the abuse because he was worried that he would be sent back to jail if he brought attention to himself.   Eventually, Plaintiff reported the abuse, the staff member was fired, and other staff members retaliated against Plaintiff.

---

[1] This "motion" is simply a response to Defendants' motion to dismiss, asking the Court to deny the motion to dismiss and proceed to the next stage of litigation.

1

Plaintiff was ultimately discharged early from the program as part of the retaliation.

Defendants move to dismiss the Complaint, arguing that Plaintiff cannot state a claim under § 1983 because Defendants are all private actors who were not acting under color of state law.   (D.I. 31).   In several responsive filings, Plaintiff asserted new allegations to argue that Gaudenzia and its employees were operating under color of state law.   (D.I. 35, 36, 39).   These allegations are as follows. Plaintiff was on probation when he went to Gaudenzia and would have been sent back to prison for any violation of the terms of his probation.   His sentencing order mandated him to report into the probation office on a weekly basis and be available for random home checks, but those requirements were suspended during his stay at Gaudenzia, a state accredited treatment facility.   His counselors at Gaudenzia were in direct and regular contact with his probation officers during his stay in the facility, providing updates on his status.   He was told by his probation officers that he was in the custody of Gaudenzia and that he needed to notify his probation officers immediately if he left.   In one filing, Plaintiff concedes that he was not mandated to receive treatment at Gaudenzia as part of a sentencing order. (D.I. 39 at 1).   Plaintiff also filed a motion requesting that this Court exercise supplemental jurisdiction over any related state law claims, though he did not raise any in his Complaint.

## II.   LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).   The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).   A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

3

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III.   DISCUSSION

As explained below, the Court agrees with Defendants that Plaintiff has failed to allege facts indicating that Defendants acted under color of law, and the Court will therefore grant Defendants' motion to dismiss.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). This is a "threshold issue," and, as such, "there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

To determine whether a private party was acting under color of state law, courts consider whether there is "such a close nexus between the State and the

challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).   The Third Circuit has articulated three tests to determine whether such a close nexus exists so as to constitute state action: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).   For state action to be found, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'"   *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).   "Action taken by private entities with the mere approval or acquiescence of the State is not state action."   *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999).

The allegations in the Complaint fall well short of satisfying any of these tests.   The general rule is that a complaint may not be amended through an opposition brief and new facts may not be considered by a court ruling on a motion to dismiss.   *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

1107 (7th Cir. 1984)) ([I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Here, even were the Court to consider Plaintiff's new allegations, asserted in response to the motion to dismiss, they would not save his claims. As noted, Plaintiff concedes that he was not mandated to receive treatment at Gaudenzia, or anywhere else, as part of a sentencing order. *Cf. Jones v. Eagleville Hosp. & Rehab. Ctr.*, 588 F. Supp. 53, 56 (E.D. Pa. 1984) (finding state action where a parole board mandated a stay in a rehabilitation center, and the parole board informed the plaintiff that "he would be under the supervision, jurisdiction and authority of the employees, staff members and counselors . . . of [the rehabilitation program] and that any disobedience of the same would result in the immediate revocation of his parole."). Regardless, courts have regularly concluded that private actors such as rehabilitation centers, halfway houses, and their employees were not acting under color of state law, even when the plaintiff's stay was ordered by a court or parole board.[2] Based on the

---

[2] *See, e.g., Daniels v. Nw. Hum. Servs.*, 2021 WL 4166285, at *2 (3d Cir. Sept. 14, 2021) (per curiam) (affirming dismissal where the plaintiff alleged only that residential rehabilitation center was "integrated working with the City of Philadelphia and its prison institutions and the state as well," and "[p]eople from the state jails are often sent to these [residential centers] for programs"); *Concepcion v. Kinch*, 2022 WL 103351, at *1, 3 (E.D. Pa. Jan. 11, 2022) (concluding that the employees of a halfway house where the plaintiff resided in connection with the terms of his sentence of probation were not state actors, despite allegations that the plaintiff was mandated to reside at the halfway house, and "if he had been kicked out, . . . he would be sent back to jail"); *Smith v. Alternative Counseling Servs.*, 2021 WL 492513, at *3 (E.D. Pa. Feb. 10, 2021)

facts alleged, it is clear that Plaintiff cannot establish that Defendants acted under color of state law.

Accordingly, because Plaintiff has failed to allege state action, his § 1983 claims must be dismissed.   Dismissal is without prejudice.   The Court will permit Plaintiff to amend his complaint, although it appears unlikely that the deficiencies outlined herein can be remedied.[3]

## IV.   CONCLUSION

For the reasons discussed above, the Court will: (1) grant Defendants' motion to dismiss (D.I. 31); (2) deny Plaintiff's request for counsel (D.I. 19);[4]  (3)

---

("Based on the allegations of the Complaint, it appears that these Defendants—a privately run halfway house, its owner, and its employees—are not subject to liability under § 1983."); *Veeder v. TRI-CAP*, 2020 WL 1867212, at *5 (E.D. Mich. Jan. 30, 2020), *report and recommendation adopted*, 2020 WL 967481 (E.D. Mich. Feb. 28, 2020) ("'[C]ourts have consistently held that drug treatment facilities that treat individuals pursuant to a condition of parole are not performing a public function.'") (quoting *Porter v. Game*, 2020 WL 127580, at *2 (E.D.N.Y. Jan. 9, 2020); *see also Vaughn v. Phoenix House Programs of N.Y.*, 2015 WL 5671902 (S.D.N.Y. Sept. 25, 2015) (collecting cases and finding no state action when the plaintiff agreed to enter the in-patient treatment program as an alternative to incarceration because the state did not direct his treatment, the program was not a public function, and the program had no role in the criminal proceedings).

[3] As noted, in his motion for supplemental jurisdiction, Plaintiff requested that this Court exercise supplemental jurisdiction over any related state law claims.   Should Plaintiff choose to file an amended complaint re-asserting his §1983 claims, he may assert any additional state-law claims therein.

[4] A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.   *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).   Given both Plaintiff's demonstrated competence in presenting his case thus far, and the low

deny Plaintiff's motion for default judgment (D.I. 29); (4) deny Plaintiff's motion for last known or present address of unserved defendant (D.I. 34); (5) deny Plaintiff's motion for continuance (D.I. 35); and (6) deny Plaintiff's motion for supplemental jurisdiction (D.I. 37).    Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.

---

likelihood of curing the identified deficiencies in light of the facts alleged, Plaintiff's request for counsel is denied.    *See Tabron*, 6 F.3d at 155-57.

8