IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEVIN L. HINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 22-193-GBW |
| | ) |
| TED SAMMONS, et al., | ) |
| | ) |
| Defendants. | ) |

Kevin L. Hines, Pro se Plaintiff.

Penelope B. O'Connell, Esquire, O'Hagan Meyer, Philadelphia, Pennsylvania. Counsel for Defendant.

**MEMORANDUM OPINION**

July 31, 2023
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

Plaintiff Kevin L. Hines, a prisoner proceeding *pro se*, commenced this civil rights action on February 14, 2022. (D.I. 1). On December 19, 2022, the Court granted Defendants' motion to dismiss and dismissed Plaintiff's Complaint, but afforded him leave to amend. (D.I. 42, 43). Plaintiff filed an Amended Complaint (D.I. 47) and a Second Amended Complaint (D.I. 49); the Court will consider both pleadings. Before the Court is Defendants' motion to dismiss. (D.I. 50). The matter has been briefed.

## I.  BACKGROUND

Prior to the start of his current term of imprisonment, while "out on bail," Plaintiff checked himself into an inpatient program in the Gaudenzia Rehabilitation Facility, seeking help for his mental health and substance abuse disorders. Plaintiff alleged that he was subjected to physical and sexual harassment and abuse by one member of the Gaudenzia staff and that he was frightened to report the abuse because he was worried that he would be sent back to jail if he brought attention to himself.

The Court dismissed Plaintiff's Complaint, which was brought under 42 U.S.C. § 1983, for failing to allege facts indicating that Defendants acted under color of state law. (D.I. 42, 43). In the Amended Complaint and Second Amended Complaint, Plaintiff again brings his civil rights claims under § 1983;

asserts new federal claims under the Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504"); and asserts several state-law claims.

Defendant moves for dismissal on the grounds that Plaintiff has still failed to allege state action in support of his § 1983 claims and fails to state a claim under Title VII, the ADA, or Section 504, and the Court should dismiss his state-law claims for lack of supplemental jurisdiction. (D.I. 50, 51).

## II.  LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94.

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the

elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 12. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

Plaintiff's amended pleadings fail to cure the deficiencies in his § 1983 claims identified in the Court's December 19, 2022 Memorandum Opinion. These claims will be dismissed with prejudice.

Plaintiff's Title VII, ADA, and Section 504 claims against the individual Defendants must be dismissed because those statutes impose liability only on employers and do not impose liability on individual employees. *See A.W. v. Jersey City Public Schools*, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals."); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (upholding the dismissal of plaintiff's Section 504 claims against individual defendants); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) ("[W]e are persuaded that Congress did not intend to hold individual employees liable under Title VII."); *Sharma v. Wesley*, 2019 WL 3387786, at *6 (D. Del. July 26, 2019) ("[T]he law is well-established in the Third Circuit that parties cannot be held liable in their individual capacities under the ADA.") (citing *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002)).

As to Plaintiff's Title VII, ADA, and Section 504 claims against Defendant Gaudenzia, Plaintiff failed to state a claim because he did not allege facts establishing either that he was an employee of Gaudenzia (Title VII and ADA Title

4

I), or that Gaudenzia discriminated against him based on his alleged disability (depression and drug addiction) (ADA Title III).

The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003); *Sarpolis v. Tereshko*, 625 F. App'x 594, 598-99 (3d Cir. 2016). Given that Plaintiff and all Defendants appear to be Delaware citizens, this Court does not have diversity jurisdiction over Plaintiff's state-law claims. *See* § 1332(a). Therefore, the state-law claims will be dismissed, without prejudice, for lack of jurisdiction.

## IV. CONCLUSION

For the reasons discussed above, the Court will: (1) grant Plaintiff's motion to amend (D.I. 49); (2) grant Defendants' motion to dismiss (D.I. 50); (3) dismiss Plaintiff's federal claims with prejudice; (4) dismiss Plaintiff's state-law claims without prejudice; and (5) direct the Clerk of Court to close this case.

An appropriate order will be entered.